UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EARL B. YOUNG (#105511)**                                        CIVIL ACTION

**VERSUS**

**COL. VINCENT, ET AL.**                                           NO. 05-0179-D-M2

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 20, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EARL B. YOUNG (#105511)**                                                      CIVIL ACTION

**VERSUS**

**COL. VINCENT, ET AL.**                                                         NO. 05-0179-D-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of the remaining defendant in this case, Michael Vincent, rec.doc.no. 43. This motion is not opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Col. Michael Vincent, Warden Cornel Hubert and Secretary Richard Stalder, complaining that his constitutional rights were violated on September 29, 2004, through excessive force on that date and through deliberate medical indifference thereafter. Pursuant to earlier Ruling in this case, rec.doc.no. 22, the plaintiff's claims against defendants Hubert and Stalder have been dismissed.

The remaining defendant now moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings (previously filed into the record of this proceeding), excerpts from the prison logbook, excerpts from the plaintiff's medical records, a Warden's Unusual Occurrence Report dated September 29, 2004 (prepared by defendant Vincent), six (6) disciplinary reports dated September 29, 2004 (prepared by defendant Vincent and other security officers, and charging the plaintiff with two counts of "Aggravated Disobedience" and four (4) counts of "Defiance"),

and the affidavits of Tim Tircuit, Kenneth Kropog, Tim Hooper, Linda Krol, Dr. Larry Caldwell, Craig Thomas and defendant Michael Vincent.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff alleges that on September 29, 2004, he was eating lunch in the prison kitchen when he was approached by defendant Vincent.  According to the plaintiff, defendant Vincent leaned in close to the plaintiff and accused the plaintiff of staring inappropriately at female workers in the kitchen.  When the plaintiff responded with a question, defendant Vincent grabbed plaintiff by the arm, ordered the plaintiff to leave the kitchen, and threatened the plaintiff with an impending "stomping".  The plaintiff was then escorted out of the kitchen by defendant Vincent and several other officers.  As soon as the plaintiff was outside of the kitchen, defendant Vincent allegedly slammed the plaintiff up against the wall and began punching the plaintiff in the side, "fracturing one maybe two of my ribs". Thereafter the plaintiff was escorted to the prison infirmary and then to his cell.  He complains, however, that defendant Vincent came to his cell later that afternoon and again "jumped on me".  At that time, although the plaintiff requested medical attention from a Lt. Thomas (not named as a defendant herein), Lt. Thomas refused to allow plaintiff to see a health care provider.

In response to the plaintiff's allegations, defendant Vincent asserts that at lunchtime on September 29, 2004, he observed the

plaintiff looking at female kitchen workers in a very inappropriate manner. When the defendant questioned the plaintiff about this behavior, the plaintiff responded sarcastically by saying, "these are my eyes". Defendant Vincent then ordered the plaintiff to "dump his tray" because his mealtime was being terminated.  The plaintiff began to argue with defendant Vincent, so the defendant cited the plaintiff with a disciplinary report and directed a second security officer (Major Tircuit, not named as a defendant herein), to "lock [the plaintiff] up". Major Tircuit then gave the plaintiff several orders to place his hands behind his back so that he could be restrained.  The plaintiff, however, refused this order and, instead, approached defendant Vincent in an aggressive manner, pointing his finger in defendant Vincent's face, and threatening defendant Vincent with physical harm.  In response, defendant Vincent and two other security officers escorted the struggling plaintiff out of the kitchen, placed the plaintiff against a wall, and finally succeeded in placing the plaintiff in behind-the-back restraints. According to defendant Vincent, only reasonable force was utilized at that time to gain control of the recalcitrant and struggling plaintiff who was refusing to comply with orders given to him.  In addition, defendant Vincent asserts that he never thereafter went to the plaintiff's cell or subjected the plaintiff to any further use of force.

Initially, the Court notes that it is unclear whether the plaintiff has named the defendant herein in his individual and/or his official capacity. However, in light of the liberality accorded to the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court construes the plaintiff's allegations as naming the defendant in both capacities.  Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a

State for alleged deprivations of civil liberties.  Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendant in his official capacity.

Turning to the plaintiff's claim against the defendant in his individual capacity, the defendant initially asserts, relying upon a certified copy of the plaintiff's administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to all or some of his claims.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.

Upon a review of the plaintiff's Complaint, together with a review of the plaintiff's poorly worded administrative grievance filed into the record of this proceeding, it appears that the defendant's motion is well-taken in certain respects and that certain of the plaintiff's claims have not been exhausted through the administrative process. Specifically, whereas the plaintiff's grievance may be liberally interpreted as asserting that defendant Vincent subjected the plaintiff to excessive force in the kitchen on September 29, 2004 (because the plaintiff asserts in the grievance that after a confrontation occurred between himself and defendant Vincent, a correctional officer "broke the fight up"), there is no suggestion in the grievance that defendant Vincent went to the plaintiff's cell later that afternoon, that the defendant again subjected the plaintiff to excessive force, or that the defendant denied the plaintiff medical attention thereafter.

Accordingly, it is clear that the plaintiff has failed to exhaust administrative remedies relative to these latter claims and that the defendant is entitled to summary judgment as a matter of law, dismissing these claims pursuant to 42 U.S.C. § 1997e.

Turning to the remaining claim of alleged excessive force in the kitchen on September 29, 2004, the defendant has raised the defense of qualified immunity in response to the plaintiff's allegations. Specifically, the defendant contends that the plaintiff has failed to make a sufficient showing of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that the defendant participated in any violation of his constitutional rights.

Undertaking the Saucier analysis, the Court concludes that the defendant's motion is well-taken and that the plaintiff's showing on summary judgment fails to overcome the assertion of qualified immunity.

Under the United States Constitution, force is excessive and violates the Eighth Amendment if applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra.

In the Court's view, the facts established by the defendant and supported by the evidence and affidavits in the record fail to establish any liability on the part of the defendant. Whereas the plaintiff

asserts in his unsworn Complaint that defendant Vincent, after escorting the plaintiff out of the kitchen on the afternoon of September 29, 2004, punched the plaintiff repeatedly in the side without provocation, the defendant has introduced a sworn affidavit, together with the sworn affidavits of no fewer than three additional security officers who were present on that date, which affidavits attest that only reasonable and necessary force was utilized by defendant Vincent and other officers to bring a struggling and recalcitrant inmate under control. In short, the defendant asserts that, by approaching in a threatening manner, by making threats of physical harm, by refusing repeated orders to "dump [his] tray", and by physically resisting orders and attempts to apply handcuffs, the plaintiff created a potentially dangerous situation which required immediate intervention. In contrast, the plaintiff has provided no affidavits or sworn statements refuting the defendant's sworn assertions. It is clear, therefore, that the plaintiff, by his actions, created a dangerous situation which necessitated the use of some degree of force on the date in question. It further appears clear to the Court that the defendant's actions on the referenced date were motivated, in principal part if not wholly, by the need to regain control of a recalcitrant inmate and not by a desire to cause the plaintiff harm. In other words, the defendant was acting to restore order within the prison and to bring a boisterous, recalcitrant and potentially violent inmate under control. Further, the certified medical records reflect only minor injuries and complaints of pain after the incident, including little objective symptomatology other than a bruise to the plaintiff's shoulder. According to the affidavit of a medical practitioner employed at the prison, the plaintiff's injuries were not consistent with his complaint of being beaten by a security officer. Accordingly, it does not appear

to this Court that a reasonable jury could conclude, on the facts before the Court, that the force utilized by the defendant was excessive in light of the situation presented.  The plaintiff, therefore, fails to make a showing of a constitutional violation relative to the alleged use of excessive force by the defendant, and the defendant's motion for summary judgment should be granted, dismissing the plaintiff's claim against the defendant, with prejudice.

Finally, the plaintiff in this case has offered no opposition whatever to the defendant's Motion for Summary Judgment.  Nor has he submitted any affidavit or other evidence suggesting that there is any substantive merit to his claim.  In this regard, it is clear that a party may not rest upon mere allegations or denials contained in his pleadings in opposing a motion for summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984).  In order to meet his burden, the party opposing a motion "may not sit on [his] hands, complacently relying" on the pleadings.  Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990).  The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987).  Upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute the defendant's motion

in this case, summary judgment should be granted in favor of the defendant as a matter of law.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the Motion for Summary Judgment of defendant Michael Vincent, rec.doc.no. 43, be granted, dismissing the plaintiff's claims against this defendant, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, June 20, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**